# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAQUAYLA KELLY, | ) | CASE NO. 5:13CV0994 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AULTMAN PHYSICIAN CENTER, | ) | **AND ORDER** |
| ETC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are several motions that should be resolved as soon as possible, in the interest of judicial economy: (1) motion of defendant Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") to stay all proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation ("the JPML") as to whether to transfer this case to the U.S. District Court for the Southern District of New York for inclusion in MDL No. 2434, *In re: Mirena IUD Products Liability Litigation* (Doc. No. 4);[1] (2) plaintiff's motion to remand (Doc. No. 5); (3) Bayer's motion to dismiss for failure to state a claim (Doc. No. 8); and (4) motion of defendants Aultman Health Foundation, Aultman Hospital, Aultman Physician Center-OB/GYN, and Jennifer L. Rogers Grabenstetter ("the Medical Defendants") to dismiss as time-barred (Doc. No. 9).[2]

---

[1] Plaintiff has filed her opposition (Doc. No. 7) and defendant has filed its reply (Doc. No. 10).

[2] No opposition briefs have been filed with respect to Doc. Nos. 5, 8 or 9; however, the deadlines for briefing these motions have not yet expired.

## I. PROCEDURAL BACKGROUND

This case arises out of plaintiff's use of and alleged injury from a contraceptive device known as the Mirena® IUD.

The complaint was originally filed in Stark County Court of Common Pleas on March 13, 2013. Plaintiff sued the Medical Defendants and "John and Jane Doe Supervising Physicians, Aultman OB/GYN" for medical malpractice (Count I), respondeat superior (Count II), and fraudulent concealment (Count III). Plaintiff filed a first amended complaint on March 29, 2013, joining Bayer as a defendant and adding four causes of action against Bayer only: three state law product liability counts and a claim for punitive damages.

On May 2, 2013, Bayer removed the case to this Court, asserting that it is "one of many product-liability cases now pending in federal courts that share common factual allegations regarding the alleged risks of uterine perforation and migration associated with the Mirena® IUD and the adequacy of the FDA-approved product warnings." (Doc. No. 1 at 2.) In its removal petition, Bayer asserted that, although complete diversity is lacking, the Medical Defendants were fraudulently joined to defeat diversity jurisdiction. It argued that plaintiff had no basis for a claim against the Medical Defendants because any medical malpractice claim is already barred by the statute of limitations.[3] Bayer asserted, in the alternative, that this Court may retain jurisdiction over Bayer (the diverse defendant) by severing the claims of the Medical Defendants (the non-diverse defendants) because the Medical Defendants are dispensable parties with respect to the products liability claims against Bayer. (*Id*. at 6.)[4]

---

[3] At the time of the removal, there was also pending in the state court a motion to dismiss filed by the Medical Defendants wherein they argued that plaintiff's claims were time-barred. According to the state court record on file with this court (Doc. No. 11), this motion was set to be decided on or after May 7, 2013.

[4] Bayer has not formally moved to sever; however, as discussed herein, Fed. R. Civ. P. 21 permits the Court to sever parties and/or claims "on its own[.]"

2

On the same day it removed the case, Bayer also filed its motion to stay. Bayer is of the view that it is only a matter of time before this case is transferred to the Southern District of New York to join MDL No. 2434.[5]

On May 3, 2013 at 11:52 a.m., plaintiff filed her motion to remand (Doc. No. 5), arguing that whether the Medical Defendants were properly joined and whether her claims are time-barred are questions for this Court. A few hours later, at 2:36 p.m., plaintiff filed her second amended complaint in the state court. This version of the complaint adds no new parties or claims, but merely adds to, and clarifies, some of the factual allegations relating to plaintiff's discovery of her claims.[6]

Plaintiff opposes defendant's motion to stay, arguing that she will be harmed by a stay because she will not have the opportunity to have a ruling on her motion to remand, on which she believes she is certain to prevail on the basis of lack of complete diversity.

## II. DISCUSSION

The "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001). As noted by Bayer in its motion to stay, "[n]umerous federal courts across the country have . . . stayed cases pending transfer to the MDL, where the plaintiff has filed a motion to remand and/or opposed transfer." (Doc. No. 10 at 292, citing cases.)

---

[5] The Court has examined the docket of MDL No. 2434 and has determined that, although this case was conditionally transferred to the Southern District of New York on May 9, 2013, plaintiff promptly opposed the transfer. As a result, a briefing schedule has been set for filing a motion to vacate the conditional transfer order. Plaintiff's motion is due before the MDL Panel by May 29, 2013, and a response is due on June 19, 2013.

[6] On May 3, 2013, plaintiff also filed in state court her opposition to the motion to dismiss that was pending there.

In this case, a close examination of the second amended complaint reveals that there are no product liability claims against the Medical Defendants and there are nothing *but* product liability claims against Bayer. Therefore, the Court is faced with competing interests: plaintiff and the Medical Defendants want a resolution of the timeliness issue relating to the state tort claims (and plaintiff would apparently prefer that this determination, based entirely on state law, be made by the state court), whereas Bayer wants to stay all proceedings until the JPML decides whether to transfer the case for inclusion in the MDL action before the Southern District of New York (and buttresses its argument in favor of this course of action by arguing that removal was proper because the Medical Defendants were fraudulently joined).[7]

Apparently in response to the portion of the removal petition that argues for severability, plaintiff asserts in her motion to remand that the claims against the Medical Defendants are not severable from those of Bayer because she "properly alleged both product liability and medical malpractice/fraudulent concealment claims[]" and "has a right to pursue any and all potentially culpable parties." (Doc. No. 5 at 225.) She asserts that she has pleaded "multiple and alternative theories of recovery[,]" as permitted by "[b]oth state and federal law[.]" (*Id*., n. 4.)

This Court is of the view that all interests can be addressed by: (1) severing Counts I, II and III of the Second Amended Complaint and remanding those claims, which are entirely between Ohio residents and entirely dependent upon state law, to the Stark County Court of Common Pleas; and (2) retaining jurisdiction over Counts IV, V, VI, and VII, as claims

---

[7] The assertion that the Medical Defendants were fraudulently joined to defeat diversity jurisdiction is arguably lacking in logic, given that the Medical Defendants were the original defendants and Bayer was the defendant that was later joined.

between diverse citizens, but staying all further proceedings in this Court pending the JPML's determination regarding transfer.

As authority for this course of action, the Court points to Fed. R. Civ. P. 19 and 21 and *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676 (N.D. Ohio July 8, 2009). In *DeGidio*, another judge of this court addressed a removed complaint similar to the one in the instant action. There plaintiff sued certain drug company defendants and certain healthcare defendants. Plaintiff moved to remand due to lack of complete diversity. The district court, applying Rules 19 and 21, severed claims against the healthcare defendants, after concluding that they were dispensable parties. *Id*. at *2, citing *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.")

Determining whether the Medical Defendants are dispensable parties, this Court follows a two-step process. *DeGedio*, 2009 WL 1867676, at *3. First, the Court assesses whether, under Rule 19(a), these parties are necessary for just adjudication. A party is necessary if, in the party's absence, (1) the court cannot accord complete relief among existing parties; (2) the party's ability to protects its interests would be impaired or impeded; or (3) remaining parties would be exposed to substantial risk of incurring double or inconsistent obligations. *Id*. (citing

*Safeco Ins. Co.*, 36 F.3d at 546). If these parties are necessary, then the Court moves to the second step, that is, deciding whether they are dispensable under Rule 19(b). Factors to consider are: (1) the extent to which a judgment rendered in their absence might prejudice them or the other parties; (1) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in their absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

In the instant case, as in *DeGidio*, the Medical Defendants are neither necessary nor indispensable because resolution of the tort claims against them would not resolve the products liability claims against Bayer, and vice versa. As in *DeGidio*, the claims "involve different legal standards and different factual allegations." *DeGidio*, 2009 WL 1867676, at *3; *see also Todd v. Merrill Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991) (finding the physician who ordered the injection of a drug "not indispensable" in a products liability case against a drug manufacturer); *Phillips v. Knoll Pharm. Co.,* No. 5:03CV8044 (N.D. Ohio September 4, 2003) (Gwin, J.) (dropping physician defendants under Rule 21 to perfect diversity jurisdiction after finding them to be dispensable parties); *Williams v. Knoll Pharm. Co.,* No.5:03CV8030 (N.D. Ohio July 11, 2003) (Gwin, J.) (dismissing nondiverse healthcare defendants to retain diversity of citizenship over pharmaceutical defendant).[8]

### III. CONCLUSION

For the reasons discussed above, the Court *sua sponte* severs Counts I, II and III of the Second Amended Complaint, which are entirely between Ohio residents and entirely

---

[8] As also noted in *DeGidio*, the mere fact that plaintiff will be maintaining two lawsuits is not unduly or unfairly prejudicial, and does not require a finding that the Medical Defendants are necessary or dispensable parties. *DeGidio*, 2009 WL 1867676, at * 4 (citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001)).

dependent upon state law, and remands those claims to the Stark County Court of Common Pleas. To that extent, plaintiff's motion to remand (Doc. No. 5) is **GRANTED**.

Further, the Court retains jurisdiction over Counts IV, V, VI, and VII, as claims between diverse citizens, and stays all further proceedings in this Court pending the JPML's determination regarding transfer. To that extent, defendant Bayer's motion to stay is **GRANTED**.

Both motions to dismiss (Doc. Nos. 8 and 9) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: May 29, 2013
_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**